UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| STACEY M. HARRIS, ) | Case No: 17-31608 |
| ) | (Chapter 7) |
| Debtor. ) | |
| A. BURTON SHUFORD, Trustee in Bankruptcy ) | |
| for Stacey M. Harris, ) | |
| ) | Adversary Proceeding |
| Plaintiff, ) | No: |
| ) | |
| vs. ) | |
| ) | |
| GREGORY MAURICE PERRY, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542(a), OR, IN THE ALTERNATIVE, FOR AVOIDANCE OF THE TRANSFER OF PROPERTY PURSUANT TO 11 U.S.C. § 549; TO AVOID PRE-PETITION TRANSFER PURSUANT TO 11 U.S.C. § 548; AND, FOR RECOVERY OF PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. § 550

The complaint of A. BURTON SHUFORD, Trustee in Bankruptcy for STACEY M. HARRIS, by and through his undersigned attorney, respectfully represents:

PARTIES AND JURISDICTION

1. On September 30, 2017, (the "Petition Date"), Stacey M. Harris (the "Debtor") filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code with the Western District of North Carolina.

2. The Plaintiff, A. Burton Shuford, is the duly appointed and acting Trustee of the Debtor.

3. The Defendant, Gregory Maurice Perry is, on information and belief a citizen and resident of North Carolina.

4. This adversary proceeding is an adversary proceeding arising in, under and related to the Chapter 7 case entitled STACEY M. HARRIS, pending in the United States Bankruptcy Court for the Western District for North Carolina, Charlotte Division. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157. Plaintiff consents to the entry of final orders or judgment by the bankruptcy judge.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

## FACTS

6. The Debtor, as of the date of the filing of the petition in this case, was the owner of record of the following vehicles (collectively referred to as the "Vehicles") free and clear of any liens.

    a. 2006 Ford Econoline Van (the "Van"); and,

    b. 2004 Bentley Continental (the "Bentley").

7. The Trustee, based upon an amended Statement of Financial Affairs filed by the Debtor on October 28, 2017 [Doc. 6], believed that the Vehicles had, pre-petition, been fraudulently transferred to the Defendant by the Debtor and accordingly sent, via regular and Certified Mail, a demand letter to the Defendant in which the Trustee demanded that the Defendant return the transferred vehicles to the bankruptcy estate and that the Defendant return the sum of $4,000 (the "Demand Letter"), a true and accurate copy of which is attached hereto as Exhibit A).

8. The Demand Letter was received by the Defendant on December 4, 2017 as indicated by the return receipt executed by the Defendant (a true and accurate copy of which is attached hereto as Exhibit B).

9. The Application for Duplicate Title to the Van (the "MVR4") (a true and accurate copy of which is attached hereto as Exhibit C) appears to indicate that the Debtor transferred the Van to the Defendant on or about December 27, 2017 by the Debtor's apparent execution of the MVR4 on that date.

10. The Dealer's Reassignment of Title to a Motor Vehicle for the Bentley ("MVR2") (a true and accurate copy of which is attached hereto as Exhibit D) appears to indicate that the Bentley was transferred to the Defendant on or about December 6, 2017 by the Debtor's apparent execution of the MVR2.

11. The Debtor denies that she executed the MVR4 and the MVR2.

12. The Debtor claims that she transferred possession and the titles of the Vehicles (or other appropriate paperwork necessary to transfer the Vehicles) to the Defendant on the dates as set out in the Amended Statement of Financial Affairs as follows:

    a. 2006 Ford Econoline Van – 8/2016; and

    b. 2004 Bentley Continental – 5/2016.

13. The records of the North Carolina Department of Motor Vehicles indicate that the Debtor transferred her interest in a 2004 Mercedes Benz to Mark Scott on May 17, 2017 (the "Mercedes").

14. On information and belief, the Debtor received $4,000 consideration for the transfer of the Mercedes, which consideration the Debtor gave to the Defendant.

### FIRST CLAIM FOR RELIEF OF ACTION
### 11 U.S.C. § 542

15. Plaintiff incorporates paragraphs 1 through 14 inclusive, by reference, as though set forth here in full.

16. N.C.G.S. § 20-72 provides, among other things that no title to any motor vehicle that is required to be registered under Article 3 of Chapter 20 of the North Carolina General Statutes shall pass or vest until the motor vehicle has been delivered to the purchaser or transferee and the owner has executed in the presence of a person authorized to administer oaths an assignment and warranty of title on the reverse of the certificate of title in form approved by the Division of Motor Vehicles.

17. N.C.G.S. § 20-50 requires that any vehicle intended to be operated on any highway of this State must be registered with the Division of Motor Vehicles.

18. The Van and the Bentley are intended to be operated on the highways of North Carolina and as such are motor vehicles that are required to be registered by Article 3 of Chapter 20 of the North Carolina General Statutes.

19. Because the requirements of N.C.G.S. § 20-72 have not been met, including but not limited to the fact that, on information and belief, the titles to the Van and the Bentley have not been executed by the Debtor in the manner required by the statute, ownership of the Van and the Bentley has not been transferred to the Defendant.

20. The Vehicles were from the date of the alleged transfers to the Defendant to the date of this complaint the property of the Debtor's bankruptcy estate.

21. The Vehicles are property that the Trustee may use, sell or lease under 11 U.S.C. § 363 and are not of inconsequential benefit or value to the estate.

22. Pursuant to 11 U.S.C. § 542, the Defendant must turn over the Vehicles to Plaintiff.

## SECOND CLAIM FOR RELIEF (In the Alternative)
## 11 U.S.C. § 549(a)

23. The allegations contained in paragraphs 1-14, inclusive, are incorporated herein by reference as though fully set out.

24. On information and belief, the Vehicles were transferred to the Defendant for no consideration.

25. The transfer of the Vehicles was not authorized by any provision of the Bankruptcy Code or by any order of this Court.

26. At the time of the transfers the Vehicles were, on information and belief, worth the following:

    a. On information and belief, the Van was worth approximately $8,000; and,

    b. On information and belief, the Bentley was worth approximately $50,000.

27. The transfers of the Vehicles to the Defendant are avoidable by the Plaintiff pursuant to 11 U.S.C. § 549(a).

28. Pursuant to 11 U.S.C. § 550, the Plaintiff may recover of the Defendant the vehicles or the value of the Vehicles in the sum of $58,000, plus interest thereon from and after the date of the transfers at the legal rate until paid.

## THIRD CLAIM FOR RELIEF
## 11 U.S.C. § 548(a)(1)(A)

29. Paragraphs 1-14 are re-alleged as if fully set out herein.

30. On information and belief, Debtor transferred the $4,000 with actual intent to hinder, delay, or defraud her then existing and future creditors.

31. The transfer of the $4,000 to the Defendant is avoidable by the Plaintiff pursuant to 11 U.S.C. § 548 (a)(1)(A).

32. Pursuant to 11 U.S.C. § 550, the Plaintiff may recover of the Defendant the sum of $4,000, plus interest thereon from and after December 4, 2017 at the legal rate until paid.

## FOURTH CLAIM FOR RELIEF (in the Alternative)
## 11 U.S.C. § 548(a)(1)(B)

33. Paragraphs 1-14 are re-alleged as if fully set out herein.

34.     The Debtor received less than a reasonably equivalent value in exchange for the transfer of the $4,000 to the Defendant.

35.     The transfer was made while the Debtor was insolvent, or the Debtor became insolvent as a result of such transfer.

36.     The transfer of the $4,000 to the Defendant is avoidable by the Plaintiff pursuant to 11 U.S.C. § 548(a)(1)(B).

37.     Pursuant to 11 U.S.C. § 550, the Plaintiff may recover of the Defendant the sum of $4,000, plus interest thereon from and December 4, 2017 at the legal rate until paid.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays this Court as follows:

1.     That pursuant to the First Claim for Relief, that the Court make its order against the Gregory Maurice Perry requiring the turnover of the Van and the Bentley pursuant to Bankruptcy Code § 542 (a), 11 U.S.C. § 542 and that the Defendant be directed to immediately deliver the Van and the Bentley to the Plaintiff, and that the Plaintiff have such other relief as is just;

2.     That, pursuant to the Second Claim for Relief, in the alternative to the relief prayed for in the First Claim for Relief, and pursuant to Bankruptcy Code § 550 that the Court order the return of the Vehicles to the bankruptcy estate or that the Plaintiff have and recover a judgment against Gregory Maurice Perry in the sum of $58,000;

3.     That, pursuant to the Third Claim for Relief, that the Court make its order avoiding the aforesaid transfer of the $4,000 to Gregory Maurice Perry pursuant to Bankruptcy Code § 548(a)(1)(A);

4.     That, pursuant to the Third Claim for Relief and pursuant to Bankruptcy Code § 550 that the Plaintiff have and recover a judgment against Gregory Maurice Perry in the sum of $4,000;

5.     That, in the alternative to the relief prayed for in the Third Claim for Relief, and pursuant to the Fourth Claim for Relief, the Court make its order avoiding the aforesaid transfer of the $4,000 to Gregory Maurice Perry pursuant to Bankruptcy Code § 548(a)(1)(B);

6.     That, in the alternative to the relief prayed for in the Third Claim for Relief, and pursuant to the Fourth Claim for Relief and Bankruptcy Code § 550 that the Plaintiff have and recover a judgment against Gregory Maurice Perry in the sum of $4,000; and,

7.     That the Plaintiff have such other relief as is just.

This is the 24th day of July, 2018.

/s/ A Burton Shuford
A. Burton Shuford, NCBN 10035
4700 Lebanon Road, Suite A-2
Mint Hill, NC  28227
Direct Dial: (980) 321-7000
bshuford@abshuford.com
Attorney for the Trustee

# A. BURTON SHUFORD
## – ATTORNEY AT LAW –

November 30, 2017

4700 LEBANON ROAD, SUITE A-2
MINT HILL, NC 28227

980-321-7005
Fax 704-943-1152

**VIA REGULAR AND CERTIFIED MAIL**

Mr. Gregory Perry
Post Office Box 221852
Charlotte, NC 28222

Re:    Stacey M. Harris; WDNC Chapter 7 Case No. 17-31608

Dear Mr. Perry:

The undersigned represents the duly appointed and acting Chapter 7 Trustee for the above-referenced Debtor. As you may be aware, Stacey M. Harris filed a voluntary petition under Chapter 7 with the U. S. Bankruptcy Court for the Western District of North Carolina on September 30, 2017.

A review of the amended Statement of Financial Affairs filed by the Debtor indicates that the Debtor transferred to you three vehicles that were titled in her name. The transfers were as follows:

- 2006 Ford Econoline Van; Transferred in August, 2016
- 2002 Honda Accord; Transferred in August 2016
- 2004 Bentley Continental; Transferred in May, 2016

In addition to the vehicles transferred to you as noted above, in June of 2015, the Debtor transferred $4,000 to you, said funds being the proceeds from the sale of a 2004 Mercedes Benz.

The transfers noted above were transfers of property of the Debtor which were made to you or for your benefit. There is no indication that the Debtor received any consideration for these transfers. These transfers constitute avoidable transfers as defined by 11 USC §548 and pursuant to the Uniform Fraudulent Conveyances Act as enacted in North Carolina, NCGS Section 39-23.1, *et seq*.

Demand is hereby made that you return the afore-mentioned vehicles and the $4,000 sum to the undersigned as attorney for the Trustee within ten days of the date of this letter. If the vehicles are not returned and the payment is not made as required then suit will be instituted against you in the Bankruptcy Court for the Western District of North Carolina to collect the same.

Very truly yours,

A. Burton Shuford

cc:    Rashad Blossom, Esq.
ABS/sxb

**EXHIBIT A**







MVR-4 (Rev 1/13)    **North Carolina Division of Motor Vehicles**    $15.00 Fee

There is a 15-day mandatory waiting period after an application for duplicate title is received by the Division of Motor Vehicles before a certificate of title can be issued. Mail back to: NCDMV, 3148 Mail Service Center, Raleigh, NC 27699.

### VEHICLE DESCRIPTION

Title No. 7724111620980

Year: 2006   Make: Ford   Body Style: VN   Series Model: Ford

Vehicle Identification Number: 1FTSS34L76HA16523   Fuel Type: gas

Name of Registered Owner(s): Stacey (FIRST NAME)   Marie (MIDDLE NAME)   Harris (LAST NAME)

RESIDENCE ADDRESS / CITY / STATE / ZIP CODE / COUNTY

Mailing Address (IF DIFFERENT FROM ABOVE): PO Box 680184 Charlotte, NC 28216-0004

Vehicle Location Address (IF DIFFERENT FROM RESIDENCE ADDRESS ABOVE): _____

### LIEN RECORD AS SHOWN ON ORIGINAL TITLE

First Lien ___ DATE ___ LIENHOLDER ___ ADDRESS ___

Second Lien ___ DATE ___ LIENHOLDER ___ ADDRESS ___

Third Lien ___ DATE ___ LIENHOLDER ___ ADDRESS ___

### DISCLOSURE SECTION

All motor vehicle records maintained by the North Carolina Division of Motor Vehicles will remain closed for marketing and solicitation unless the block below is checked.
☐ I (We) would like the personal information contained in this application **to be available for disclosure.**

**CHECK APPLICABLE BLOCK**
☒ Application for Duplicate Certificate of Title and Assignment by Registered Owner
☐ Application for Duplicate Certificate of Title as Recorded
☐ Application for Duplicate Certificate of Title and Removal of Lien

If original title was issued subject to a lien and it has been satisfied, lienholder must certify to that effect.
I/we, the registered owner(s) of the above described vehicle, hereby make application for a duplicate certificate of title and certify that the original has been: (Check applicable block) ☒ Lost   ☐ Never Received

I understand that upon issuance of the duplicate, the original title becomes void and that I am required to return the original title to the Division of Motor Vehicles immediately should it be found.

Current Odometer Reading: EXEMPT

I (we) certify that the information on the application is correct to the best of my (our) knowledge.

Signature(s) of registered owner(s): Stacey Marie Harris

Date: 12/27/17   County: Mecklenburg   State: North Carolina

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: Stacey Marie Harris (name(s) of principal(s)).

Notary Signature: Amy L. Williams   Notary Printed or Typed Name: Amy L. Williams

My Commission Expires: 7/6/18

(SEAL)

### AFFIDAVIT OF FIRST LIENHOLDER

I/we, support the application for a duplicate certificate of title covering the above described vehicle and certify that the original title was:
(CHECK APPLICABLE BLOCK)   ☐ Title lost while in my possession; lien has been satisfied
☐ Lost while in my possession   ☐ Never Received   ☐ Surrendered to _____ upon payment of lien in full.

Lienholder's signature by: _____

Date _____ County _____ State _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: _____ (name(s) of principal(s)).

Notary Signature _____   Notary Printed or Typed Name _____

My Commission Expires _____

(SEAL)

*The duplicate title will be issued subject to such liens as were recorded on the last title and mailed to the first lienholder of record, unless lien release is submitted. The lienholder may apply for a duplicate title, without the signature(s) of the registered owner(s), if the original title was lost while in the lienholder's possession. When a title, mailed to a lienholder by the Division of Motor Vehicles, is not received, affidavits by the registered owner(s) and lienholder(s) are required in order to obtain a duplicate title.*

**EXHIBIT C**

MVR-4 (Reverse)
Federal and State law requires that you state the mileage in connection with the transfer of ownership. Providing a false statement or failing to properly complete this form may result in fines and/or imprisonment

### A — FIRST RE-ASSIGNMENT OF TITLE BY REGISTERED OWNER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

Name of Buyer: **Gregory Maurice Perry**
Address of Buyer: **P.O. Box 221852 Charlotte N.C. 28222**

"I, seller(s) certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked."

ODOMETER READING (NO TENTHS)

☐ 1. The mileage stated is in excess of its mechanical limits
☐ 2. The odometer reading is not the actual mileage
**WARNING - ODOMETER DISCREPANCY**

To my knowledge the vehicle described herein:

Yes ☐ No ☒ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market value.
Yes ☐ No ☒ Has been a flood vehicle.
Yes ☐ No ☒ Has been a reconstructed or a salvage vehicle.

Date vehicle delivered to purchaser: _____

Seller(s) Signature: **Stacey Marie Harris**
Seller(s) Hand Printed Name: **Stacey Marie Harris**
Date: **12/27/17**  County: **Mecklenburg**  State: **North Carolina**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: **Stacey Marie Harris** seller(s)/name(s) of principal(s)

Notary Public Signature: **Amy L. Williams**
Notary's Printed or Typed Name: **Amy L. Williams**
My Commission expires: **7/6/18**    (SEAL)

Buyer(s) Signature: **Gregory Maurice Perry**
Buyer(s) Hand Printed Name: **Gregory Maurice Perry**

### B — PURCHASER'S APPLICATION FOR NEW CERTIFICATE OF TITLE

The undersigned purchaser of the vehicle described on the face of this certificate, hereby makes application for a new certificate of title and certifies that said vehicle is subject to the following named liens and none other and that the information contained herein is true and accurate to my best knowledge and belief.

**CHECK Appropriate Block/s** (Application cannot be processed without certification of services)

☐ Title Only - Vehicle Not in Operation
☐ Title and License Plate    Class of License: _____
☐ Inoperable Vehicle - Vehicle substantially disassembled and unfit or unsafe to be operated on the highway

☐ Truck Weight Desired: _____
☐ Plate No Transferred: _____ (List Plate Number and Expiration)
☐ Limited Registration Plate (When property taxes are deferred)

For Hire Vehicle  ☐ Yes  or  ☐ No

I certify that all the above information is correct. _____ (customer's initials)

**OWNER(S)**

Owner 1 DL #: _____    Full Legal name of Owner (First, Middle, Last, Suffix) or Company: _____
Owner 2 DL #: _____    Full Legal name of Owner (First, Middle, Last, Suffix) or Company: _____

Residence Address: _____  City: _____  State: _____  Zip Code: _____  County: _____
Mailing Address (If Different From Above): _____
Vehicle Location Address (If Different From Residence Address Above): _____

**FIRST LIEN**
Date of Lien: _____  Acct #: _____  Lien holder ID: _____
Lien holder Name: _____
Address: _____
City: _____  State: _____  Zip Code: _____

**SECOND LIEN**
Date of Lien: _____  Acct #: _____  Lien holder ID: _____
Lien holder Name: _____
Address: _____
City: _____  State: _____  Zip Code: _____

I certify for the motor vehicle described herein that: I have financial responsibility as required by law
Insurance Company Authorized in NC: _____
Policy Number: _____
Odometer Reading: _____

Signature of Owner(s): _____
Date: _____  County: _____  State: _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated: _____ owner(s)/name(s) of principal(s)

Notary Public Signature: _____
Notary's Printed or Typed Name: _____
My Commission expires: _____    (SEAL)

**NOTE: RETAIL PURCHASER MUST APPLY FOR NEW TITLE WITHIN 28 DAYS AFTER PURCHASE OR PAY STATUTORY PENALTY. ALTERATIONS OR ERASURES WILL VOID THIS TITLE**

MVR-2 (Rev.09/08)

**North Carolina Division of Motor Vehicles**

## DEALER'S REASSIGNMENT OF TITLE TO A MOTOR VEHICLE

NO FEE

To be used by North Carolina licensed dealers to reassign out-of-state assigned certificates of title, non-title state registration certificates and/or bills of sale or other documents acceptable for obtaining a certificate of title in North Carolina for vehicles acquired by North Carolina dealers. May also be used to reassign manufacturer's certificates of origin and North Carolina certificates of title when the space or spaces provided on these documents for dealer's assignments have been used.

YEAR **2004** MAKE **Bent** BODY STYLE **CP** VIN **SCBCR63W54C021374**

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### RE-ASSIGNMENT OF TITLE BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described on this title has been transferred to the following printed name and address:

**GREGORY MAURICE PERRY 630 CANDLER LN, APT 220, CHARLOTTE, NC 28217**

"I certify to the best of my knowledge that the odometer reading is: _____ (NO TENTHS) and reflects the actual mileage of this vehicle unless one of the following statements is checked."

☐ 1. The mileage stated is in excess of its mechanical limits.   ☐ 2. The odometer reading is not the actual mileage.   **WARNING — ODOMETER DISCREPANCY**

DATE VEHICLE DELIVERED TO PURCHASER _____  To my knowledge the vehicle described herein:
Yes ☐ No ☑ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market retail value.
Yes ☐ No ☑ Has been a flood vehicle, a reconstructed vehicle or a salvage vehicle.

Hand Printed Name and
Signature of Dealer or Agent **STACEY MARIE HARRIS** /s/ Stacey Marie Harris

Printed Firm Name _____ Dealer No. _____

Date **12-6-2017** County **Mecklenburg** State **North Carolina**

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated **Stacey Marie Harris** seller(s)/(name(s) of principal(s))

Notary Signature **Paranda L Davis**  Notary Printed or Typed Name **Paranda L Davis**

"I am aware of the above odometer certification and damage disclosure made by the seller"  My Commission Expires **July 6, 2018** (SEAL)

Hand Printed Name and
Signature(s) of Buyer(s) **GREGORY MAURICE PERRY** /s/ Gregory Maurice Perry

### RE-ASSIGNMENT OF TITLE BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address: _____

"I certify to the best of my knowledge that the odometer reading is: _____ (NO TENTHS) and reflects the actual mileage of this vehicle unless one of the following statements is checked."

☐ 1. The mileage stated is in excess of its mechanical limits.   ☐ 2. The odometer reading is not the actual mileage.   **WARNING — ODOMETER DISCREPANCY**

DATE VEHICLE DELIVERED TO PURCHASER _____  To my knowledge the vehicle described herein:
Yes ☐ No ☐ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market retail value.
Yes ☐ No ☐ Has been a flood vehicle, a reconstructed vehicle or a salvage vehicle.

Hand Printed Name and Signature of Dealer or Agent _____

Printed Firm Name _____ Dealer No. _____

Date _____ County _____ State _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated _____ seller(s)/(name(s) of principal(s))

Notary Signature _____  Notary Printed or Typed Name _____

"I am aware of the above odometer certification and damage disclosure made by the seller"  My Commission Expires _____ (SEAL)

Hand Printed Name and Signature(s) of Buyer(s) _____

### RE-ASSIGNMENT OF TITLE BY LICENSED DEALER

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address: _____

"I certify to the best of my knowledge that the odometer reading is: _____ (NO TENTHS) and reflects the actual mileage of this vehicle unless one of the following statements is checked."

☐ 1. The mileage stated is in excess of its mechanical limits.   ☐ 2. The odometer reading is not the actual mileage.   **WARNING — ODOMETER DISCREPANCY**

DATE VEHICLE DELIVERED TO PURCHASER _____  To my knowledge the vehicle described herein:
Yes ☐ No ☐ Has been involved in a collision or other occurrence to the extent that the cost to repair exceeds 25% of fair market retail value.
Yes ☐ No ☐ Has been a flood vehicle, a reconstructed vehicle or a salvage vehicle.

Hand Printed Name and Signature of Dealer or Agent _____

Printed Firm Name _____ Dealer No. _____

Date _____ County _____ State _____

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated _____ seller(s)/(name(s) of principal(s))

Notary Signature _____  Notary Printed or Typed Name _____

"I am aware of the above odometer certification and damage disclosure made by the seller"  My Commission Expires _____ (SEAL)

Hand Printed Name and Signature(s) of Buyer(s) _____

**LIEN OR ENCUMBRANCE - ENTER IN OWNER'S APPLICATION FOR TITLE.**

This form contains the conforming odometer statement and must have the hand printed name and signature of both the b___

EXHIBIT D